## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>EVIDENT ID INC. and MRI SOFTWARE LLC d/b/a TRUSTED EMPLOYEES,<br><br>Defendants. | Civil Action No.: |

### PLAINTIFF JOHN DOE'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN PSEUDONYM AND FOR PROTECTIVE ORDER

The Plaintiff, John Doe, has moved for leave to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) in order to protect the identity of the Plaintiff and where there is no less drastic means available to do so.

### INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's

right to privacy." 15 U.S.C. § 1681(a)(4).  In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## FACTS

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously.  The Defendants published consumer reports that misreported criminal information that caused her to lose employment, among other injuries. The allegations against Defendants are based on their respective sale of inaccurate and obsolete employment-purposed consumer reports in 2022 which show multiple felony charges from 2017 that had long been dismissed as part of a plea deal. Plaintiff has no outstanding convictions on his record.

According to the FCRA, "no consumer reporting agency may make any consumer report containing . . . records of arrest that . . . antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(2). Therefore, pursuant to the FCRA, consumer reporting agencies may continue to report to employers Plaintiff's criminal charges, which have not resulted in conviction and which date back to 2017, only until the year 2024, which year would complete seven years since their occurrence.

Consequently, Plaintiff is entitled to those FCRA protections, and is relying on those criminal records' disappearance from his employment-purposed consumer reports, in the year 2024.

However, to enforce his congressionally-mandated protections relating to accuracy in consumer reports, Plaintiff must commence a lawsuit that has the effect of etching his criminal charges into the public record, which further exposes himself to employers and others' scans,

checks, and prying eyes for many years to come, far surpassing the seven-year expiration date envisioned by the FCRA.

Put simply, without the use of a pseudonym, Plaintiff will not be permitted to avail himself of his FCRA remedies without visiting upon himself the same harm (although in a greater degree) from which the FCRA provides protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, he will likely be prevented from vindicating his rights.

Plaintiff has every reason to believe, as borne out by his own experience, that a person with a criminal history reporting on a consumer report faces drastically increased difficulty in finding and securing gainful employment. Additionally, Plaintiff has every reason to believe that if other people, including current and future employers, knew that he has a criminal history, it would harm his reputation, his financial condition, and his relationships.

Without the protection of a pseudonym, CRAs and employers will be permitted to act with impunity in acquiring and using an out-of-date criminal employment purposed consumer reports because aggrieved consumers will not be able to litigate claims without subjecting themselves to further and greater harm.

**ARGUMENT**

In deciding whether to grant permission for a litigant to proceed in pseudonym, a court must balance the important public interests and compelling interests in personal privacy and anonymity. *Doe v. Public Citizen,* 749 F.3d 246, 273 (4th Cir. 2014). In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id*. at 274. To assist with this inquiry, the Fourth Circuit has identified the following non-exhaustive list of relevant factors: "(1) whether the justification asserted by the

requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). Noting that transgender individuals face particular societal stigma, courts have considered a person's transgender status and gender identity to be important factors in permitting plaintiffs to proceed anonymously. *See Bd. of Educ. of the Highland Local School Dist. v. U.S. Dep't of Ed.,* No. 2:16-CV 524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 72-74 (D.R.I. 1992) ("a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion.")). These factors weigh heavily in favor of Plaintiff Doe's motion to proceed under pseudonym.

Applying the relevant *James v Jacobson* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private to protect himself from further economic and reputational harm.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able to fully and fairly litigate against Plaintiff without publicly revealing his identity. On the other hand, the harm to Plaintiff in having his identity revealed is near-certain and severe. It includes

not only social stigma, but also a significant impairment of his future employment possibilities. Information regarding his criminal charges, which will no longer be reported on consumer reports in approximately two years, would become publicly available and easily accessible through simple search for all eternity if he were publicly identified on the Court's docket. That is, while Plaintiff litigates to enforce one FCRA right (accurate reporting of his criminal history to his employer) he undermines a similar FCRA aim to his detriment (exposure of his criminal history to the world) as a result of the disclosure of his identity in this lawsuit.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate his rights where criminal records are improperly reported. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. "Further, while the issues in this litigation present matters which may garner some public interest, that public interest can be met without the necessity of disclosure of the plaintiff's identity." *Jones v. Oss Orthopaedic Hosp.*, 2016 U.S. Dist. LEXIS 89787 at *4.

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public. Specifically, Plaintiff asks this Court to permit him to proceed in this Court in pseudonym.

5

In the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

Respectfully submitted,

DATED: May 6, 2022

/s/ Matthew P. Crimmel, Esq.
Matthew P. Crimmel, Esq.
Matthew P Crimmel Esq. Attorney at Law PLLC
1042 Greystone Circle
Morgantown WV 26508
matthewcrimmel@msn.com