IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN DOE,

           Plaintiff,

v.                                       CIVIL ACTION NO. 2:22-cv-00214

EVIDENT ID INC., et al.,

           Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Plaintiff's motion for leave to proceed under a pseudonym and for entry of protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). [ECF No. 4]. For the reasons that follow, the Motion is **DENIED**.

I. Background

Plaintiff brings suit pursuant to the Fair Credit Reporting Act (FCRA) against Defendants Evident ID Inc. and MRI Software LLC, two consumer reporting agencies (CRAs), alleging violations of the FCRA's requirement that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); [ECF No. 1, at 13–14]. While Plaintiff has no outstanding convictions on his record, in early 2022 Defendants provided Plaintiff's prospective employers with background reports that inaccurately showed that Plaintiff was convicted of felonies. [ECF No. 1, at 1, 11]. In

fact, although Plaintiff was charged with felonies in the past, those charges were dismissed in 2019. *Id.* at 4. According to Plaintiff, he has never been adjudicated guilty of any felonies, and the background reports reflect additional inaccurate charges. *Id.* at 9. Plaintiff states that Defendants' inaccurate background reports directly caused him to lose multiple employment opportunities.

Plaintiff sued under the pseudonym "John Doe" to avoid risking further harm to his employment prospects. He argues that while his criminal charges will eventually be removed from his report per the FCRA, to remedy the current inaccuracies and protect his rights, he "must commence [this] lawsuit that has the effect of etching his criminal charges into the public record." [ECF No. 5, at 2]. Revealing his identity in this lawsuit, he argues, would expose him to social stigma and a significant impairment of his employment possibilities. *Id.* at 5. He seeks an order protecting his anonymity, or in the alternative, a protective order which would require any reference to his true identity or identifying information to be filed under seal. *Id.* at 6.

II. Discussion

The Federal Rules of Civil Procedure require that the identities of the parties to a case be disclosed. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). When a party seeks to litigate under a pseudonym, the court "has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the

2

public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). The court must "carefully review *all* the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Alger*, 317 F.R.D. 37, 39–40 (W.D. Va. 2016) (emphasis in original) (internal quotation marks omitted). The court should consider:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has emphasized that allowing a party to proceed using a pseudonym is a "rare dispensation" because pseudonymous litigation undermines the openness of judicial proceedings and the public's right of access to proceedings. *Id.*

I do not find that there are extraordinary circumstances here that justify allowing the Plaintiff to proceed pseudonymously. First, while the Supreme Court has acknowledged that people have a legitimate privacy interest in limiting the disclosure of criminal "rap sheets," it has also noted that there is a "vast difference" between public records that may be found in a courthouse as a result of a lawsuit and

3

summarized criminal "rap sheets" provided by the government. *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 764 (1989). In this case, Plaintiff's criminal history is not a matter that is of a sensitive and highly personal nature—rather, Plaintiff's criminal history is a matter of public record that is still readily accessible by private entities, even if that access will eventually be subject to statutory limitations. Moreover, the information tied to Plaintiff's name in this lawsuit would only be obtainable after a search of courthouse files, rendering the privacy interest implicated by disclosure of such information minimal.

Second, Plaintiff explains that his goal in keeping his identity private in this matter is "to protect himself from further economic and reputational harm," not to avoid "risk of retaliatory physical or mental harm." [ECF No. 5, at 4]. While I acknowledge the possibility that some future potential employers may deny Plaintiff employment as a result of searching docket entries for his name, I note that the only employers implicated by that notion are those that do not require professional background checks as a condition of employment yet have the ability and desire to search through public records. As employers that perform background checks would gain access to the factual information in question regardless of whether Plaintiff proceeds under his actual name, and because economic harm must be "extraordinary" to merit anonymity, I find Plaintiff's need for anonymity as a result of possible economic harm to be small.

4

The third and fourth *James* factors additionally counsel against Plaintiff proceeding pseudonymously here. This case is against a private party, not a government entity, and Plaintiff is a grown adult, not a young person or a minor. *See Yacovelli v. Moeser*, No. 1:02CV546, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004) (explaining that anonymity is most favored for minors and those proceeding against the government). As to the final factor, Plaintiff has not indicated any intent to disclose his identity to Defendants, which would impede their ability to proceed in this matter. There are no extraordinary circumstances to support Plaintiff's request for anonymity that prevail over the public's interest in openness and the prejudice that anonymity would pose to Defendants.

Plaintiff alternatively argues for entry of a protective order which would require that any documents referencing his identity or identifying information be filed under seal. Under Rule 26(c), a district court may issue a protective order only upon a finding of good cause. *See* Fed. R. Civ. P. 26(c); *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). Plaintiff has not argued with specificity as to why alternatives to sealing, such as redaction, are inadequate. *See* L. R. Civ. P. 26.4(c)(2)(A). For the same reasons as those articulated above, I do not find that good cause justifies entry of the requested protective order.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion [ECF No. 4] is **DENIED**. To proceed in this action, Plaintiff must file an amended complaint that conforms with

5

the requirements of Federal Rule of Civil Procedure 10(a). The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 19, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE