UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHAD WHITE,

    Plaintiff,

v.                                                                               Civil Action No. 2:22-cv-214

EVIDENT ID INC., et al.,

    Defendants.

## ORDER

This matter is before the Court on the parties' *Renewed Joint Motion for Entry of Protective Order*. (ECF No. 30.) Therein, the parties note the Court's October 5, 2022 Order (ECF No. 27) in which their initial request to enter the proposed *Protective Order* at issue was denied for failure to demonstrate good cause to deviate from the Court's form *Agreed Protective Order* (the "form order") made available on its website. The parties' renewed joint motion asserts that "there is good cause to allow the modification to the Court's form" and submits a brief argument in support. *See id.*

The parties' proposed modification to the Court's form order is "limited solely to identifying specific persons to whom 'Confidential' information may be disclosed during the litigation," by adding the following provision:

> Except with the prior written consent of the designating party or prior order of the Court, any document or other material which is marked **"CONFIDENTIAL"** may only be disclosed to the following persons:
>
> 1.    The parties to this litigation and their attorneys of record, and those attorneys' support staff employees who perform work tasks related to the case;

2. Qualified persons taking testimony involving such material and necessary stenographic and clerical personnel;

3. The court and court personnel, including any special master appointed by the court, and members of the jury;

4. Any expert witness or outside consultant and their staff employed for this litigation;

5. Present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

6. Outside photocopying and electronic discovery vendors; and

7. Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(ECF No. 30-1 at 2-3.) In support of their argument that there is good cause to enter the proposed Protective Order as amended to include the foregoing language, the parties assert that the nature of this lawsuit places "confidential information" at issue for both parties. (ECF No. 30 at 2.) For Plaintiff, the parties anticipate conducting discovery regarding "confidential" information concerning his "credit and financial history." *Id*. For Defendant, information regarding its "policies and procedures relevant to [an] alleged employment screening report" is "at issue" in this case, as well as unspecified "other business and proprietary information, including potential trade secrets[.]" *Id*.

According to the parties, the lack of a "separate provision that specifie[s] the types of individuals to whom 'Confidential' information could be disclosed" in the form order may cause uncertainty, "confusion or doubt as to the persons permitted to view or possess 'Confidential' information" under the current terms of the form order. *Id*. The parties argue that, by providing "clarity to the parties and the Court" as to the persons permitted to view or possess "Confidential" information, the modification will avoid "disclosure of

'Confidential' information to unauthorized persons." *Id.* at 2-3. Aside from general citation to Rule 26.4(b) and Federal Rules of Civil Procedure 26(b)-(c), the parties' argument is unaccompanied by any supporting legal authority.

The type of protective order entered in this case is often referred to as a "blanket" or "umbrella" protective order, which is entered in advance of discovery and applied broadly. *Moses Enters., LLC v. Lexington Ins. Co.*, 19-cv-477, 2020 WL 7634165, at *3 (S.D. W. Va. Dec. 22, 2020) (citations omitted). Such orders are "more in the nature of an agreement between the parties as to how discovery that one party seeks, and the other resists because of confidentiality concerns, will be handled without court intervention." *Id.* "Courts regularly enter such orders either without a showing of good cause, in which case the party who later seeks to keep information confidential will bear the burden of showing good cause, or based on a general good cause determination." *Id.* "Umbrella protective orders have their origin in Rule 26(c), a foundation which is often ignored by litigants." *Id.*

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). The Court "exercises broad discretion in deciding when a protective order is appropriate and what degree of protection is required," but generally protective orders are not to be entered as a mere formality; to the contrary, there must be a showing of good cause. To make the requisite showing of good cause in this context, the parties as joint proponents "must present a particular and specific demonstration of fact, as to why a protective order should issue." *Small v. Ramsey*, 280 F.R.D. 264, 269 (N.D. W. Va. 2012). The proponent "may not rely upon stereotyped and conclusory statements" in

order to "satisfy the Rule 26(c) test;" nor may the proponent merely state "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[.]" *Id.*; *see accord. Massey Coal Servs., Inc. v. Victaulic Co. of Am.*, 249 F.R.D. 477, 481 (S.D. W. Va. 2008) (quoting the same and noting that "the harm must be significant, not a mere trifle").

Here, the parties have not shown good cause to deviate from the Court's form order; rather, they have only made broad allegations of harm that do not demonstrate why a separate provision is needed to clarify "the types of individuals to whom 'Confidential' information could be disclosed." (ECF No. 30 at 2.) Specifically, the parties have not demonstrated that the Court's form order is inadequate to protect "confidential" information concerning Plaintiff's "credit and financial history, or the Defendants' unspecified "policies and procedures relevant to [an] alleged employment screening report" or "other business and proprietary information, including potential trade secrets[.]" (ECF No. 30 at 2.) The Court's form protective order already specifies who may receive and utilize "Confidential" information, and when they may do so. Specifically, subsection "C." provides that "[c]ourt personnel are not subject to this Protective Order while engaged in the performance of their official duties." (ECF No. 30-1 at 2.) Subsection "D." provides that "Confidential" materials "may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action." *Id.* at 3. Subsection "D." also provides that "[n]othing contained in this Protective Order "shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, at any deposition taken in this action." *Id.* Further, subsection "E." provides protective steps that a disclosing party or attorney must take if he or she seeks to disclose "Confidential" materials "to any person .

4

. . actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant)[.]" *Id.*

Most of the individuals set forth in the parties' proposed provision are already specifically named in these three subsections, and the majority of the remainder are individuals "to whom disclosure is made, only for the purpose of this action" or who are "actively engaged in working on this action." *See id.* Under these terms, disclosure to any persons who are not engaged as an attorney, party, consultant, vendor, or staff member, *et cetera*, would already require a further agreement by the parties.

Finally, there has been no specific factual showing that the remaining individuals identified in the parties' proposed provision are involved in the litigation, that any party or attorney intends to disclose "Confidential" materials to these parties, or that there is any confusion as to the application of the protective order to these individuals. For instance, as no special master has been appointed, this portion of the parties' proposed provision is premature; further, any attempts to bind jurors or the Court and its personnel at trial is premature and inappropriate.

In sum, the Court's form protective order specifies to whom the disclosure of "Confidential" information may be made. Without a specific factual showing from the parties as to (1) that Plaintiff's "credit and financial history" and Defendants' "business and proprietary information, including potential trade secrets" is confidential, and (2) why the Court's form order is inadequate to protect the confidentiality of such materials, supported by applicable authority, the Court finds that the parties have failed to demonstrate good cause. Accordingly, **IT IS ORDERED** that their *Renewed Joint Motion for Entry of Protective Order* (ECF No. 30) is hereby **DENIED**, without prejudice as to refiling.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

        Entered:     October 28, 2022

_____
Dwane L. Tinsley
United States Magistrate Judge